UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HONG KONG IBESTTOUCH TECHNOLOGY CP. LTD, <br><br>  Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> IDISTRIBUTE LLC and JORDAN ROZANY, <br><br> Defendants/Counterclaim Plaintiff. | Civ. A. No.: <br> 3:17-cv-02441-FLW-TJB <br><br> **ANSWER TO AMENDED COMPLAINT AND AMENDED COUNTERCLAIM** |

Defendant iDistribute LLC ("iDistribute") and Jordan Rozany ("Rozany," and collectively with iDistribute, the "Defendants"), for their Answer to Plaintiff's Amended Complaint, state as follows:

**IDENTIFICATION OF PARTIES (LOCAL RULE 10.1)**

1. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraphs 1 as they relate to Plaintiff and those allegations are therefore denied. To the extent the allegations relate to Defendants, Defendants admit those allegations.

**PARTIES**

2. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 2 and those allegations are therefore denied.

3. Admitted.

4. Admitted.

**JURISDICTION**

5. The allegations in paragraph 5 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

6. The allegations in paragraph 6 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## FACTUAL ALLEGATIONS

7. Admitted.

8. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

9. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

10. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

11. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

12. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 12 and those allegations are therefore denied.

13. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

14. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

15. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 15 and those allegations are therefore denied.

16. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

17. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

18. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

19. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

20. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 20 and those allegations are therefore denied.

21. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 21 and those allegations are therefore denied.

22. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

23. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

24. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

25. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

26. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

27. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

28. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

29. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

30. Admitted.

31. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

32. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

33. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 33 and those allegations are therefore denied.

34. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

35. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 35 and those allegations are therefore denied.

36. Denied.

37. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 37 and those allegations are therefore denied.

38. Denied.

39. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

40. The allegations herein are denied, except to the extent that the referenced document speaks for itself.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## CLAIMS FOR RELIEF

### COUNT I
### Breach of Contract
### (Against All Defendants)

50. Defendants restate and repeat each any every response as set forth above in response to the allegations above as though fully set forth herein.

51. The allegations in paragraph 51 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

52. The allegations in paragraph 52 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

53. The allegations in paragraph 53 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

54. The allegations in paragraph 54 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

### COUNT II
### Breach of the Implied Covenant of Good Faith and Fair Dealing
### (Against All Defendants)

55. Defendants restate and repeat each any every response as set forth above in response to the allegations above as though fully set forth herein.

56. The allegations in paragraph 56 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

57. The allegations in paragraph 57 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

58. The allegations in paragraph 58 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

59. The allegations in paragraph 59 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT III
### Fraud/Misrepresentation/Fraudulent Inducement
### (Against All Defendants)

60. Defendants restate and repeat each any every response as set forth above in response to the allegations above as though fully set forth herein.

61. The allegations in paragraph 61 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

62. The allegations in paragraph 61 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

63. Denied.

64. Denied.

65. The allegations in paragraph 65 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

66. The allegations in paragraph 66 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT IV
### Promissory Estoppel and Detrimental Reliance
### (Against All Defendants)

67. Defendants restate and repeat each any every response as set forth above in response to the allegations above as though fully set forth herein.

68. The allegations in paragraph 68 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations

69. The allegations in paragraph 69 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

70. The allegations in paragraph 70 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT V
### Conversion and Misappropriation
### (Against All Defendants)

71. Defendants restate and repeat each any every response as set forth above in response to the allegations above as though fully set forth herein.

72. The allegations in paragraph 72 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

73. The allegations in paragraph 73 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT VI
### Seller's Remedies Under the Uniform Commercial Code ("U.C.C.")
### (Against All Defendants)

74. Defendants restate and repeat each any every response as set forth above in response to the allegations above as though fully set forth herein.

75. The allegations in paragraph 75 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

76. Admitted.

77. The allegations in paragraph 77 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

78. The allegations in paragraph 78 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

79. The allegations in paragraph 79 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

80. The allegations in paragraph 80 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

81. The allegations in paragraph 81 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT VI
### Piercing The Corporate Veil
**(Against Defendant Rozany)**

82. Defendants restate and repeat each any every response as set forth above in response to the allegations above as though fully set forth herein.

83. The allegations in paragraph 83 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

84. The allegations in paragraph 84 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

85. The allegations in paragraph 85 purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of standing.

### Seventh Affirmative Defense

Plaintiff's claims barred, in whole or in part, by accord and satisfaction.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the contributory and comparative negligence of Plaintiff and others.

### Ninth Affirmative Defense

Plaintiff's claims are barred for failure to join necessary and indispensable parties pursuant to Fed. R. Civ. P. 19.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate injury and its failure to mitigate damages.

### Eleventh Affirmative Defense

Plaintiff's claimed damages are too remote and speculative to form the basis for relief.

### Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of contribution or indemnity.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, as Plaintiff is not the real party in interest.

**Fourteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by payment.

**Reservation Of Additional Defenses**

Defendants reserve the right to amend these affirmative defenses and to allege further affirmative defenses as appropriate.

**WHEREFORE**, Defendants demand (i) that the Complaint, and each and every claim for relief therein be dismissed in its entirety and with prejudice, (ii) that Defendants be awarded their reasonable costs, fees, and disbursements to the extent available by law, and (iii) such other and further relief as this Court deems fair and equitable.

**COUNTERCLAIM COMPLAINT**

**PARTIES**

1. Counterclaim Plaintiff iDistribute LLC ("iDistribute") is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business at 400 West Main Street, Freehold, New Jersey.  It distributes and recycles mobile device parts and accessories.

2. Upon information and belief, Counterclaim Defendant Hong Kong Ibesttouch Technology Co. Ltd. ("Ibesttouch"), is a corporation registered in Hong Kong with its principal place of business located at 2A468, Guangxum Communication Market, Baohua Building, Huaqiang North Road, Shenzen City, 518000, People's Republic of China.  It is a supplier of mobile device replacement parts and accessories.

**FACTUAL ALLEGATIONS**

3. Beginning in March 2016, Ibesttouch began soliciting iDistribute for business.

4. Following multiple exchanges, on or about October 2, 2016, Ibesttouch wrote to iDistribute stating that the "defective rate is lower than 1%. And we provide lifetime warranty before installation. We have hk warehouse for the returned products."

5. Based on this representation, iDistribute made its first order on or about October 5, 2016.

6. Between October 11, 2016 and January 24, 2017, iDistribute and Ibesttouch engaged in numerous transactions involving the shipment of mobile device parts and accessories for mobile devices.

7. Between October 11, 2016 and January 17, 2017, iDistribute has paid Ibesttouch approximately $891,000.00 for products delivered by Ibesttouch.

8. Beginning on October 15, 2016, iDistribute advised Ibesttouch about defects with the products.

9. Between October 15, 2016 and January 5, 2017, iDistribute continued to advise Ibesttouch of defective products and sought replacement products.

10. Ibesttouch acknowledged the defects but kept shipping defective replacement products to iDistribute.

11. In or around January 2017, iDistribute placed an order for parts and accessories for various Apple, Samsung, and LG devices in the amount of $383,347.18.

12. Thereafter, iDistribute received 45 boxes containing the products, with the exception of the T5 iPod Touch LCD assembly, valued at approximately $3,003.00.

13. As with all previous products from Ibesttouch, these products also had a very high defective rate.

14. In fact, the total value of all defective products received by iDistribute from Ibesttouch is approximately $352,893.00, with new defects constantly being discovered at a value of approximately $1,000.00 per week.

15. iDistribute has provided Ibesttouch with notice of all of these defects and has attempted to return approximately $94,000.00 worth of products to Ibesttouch through the postal service as requested by Ibesttouch, despite the fact that DHL is the preferred shipping agent in the industry.

16. iDistribute is still in possession of defective products valued at approximately $250,000.00.

17. Pursuant to Ibesttouch's warranties, the value of defective products are either to be credited to iDistribute or replaced at no additional cost.

18. To date, Ibesttouch has failed to credit iDistribute for the defective products or replace them with adequate and functioning products.

19. As a result of Ibesttouch's delivery of defective products and failure to credit or replace these products, iDistribute has lost customers and is unable to enter into new contracts without a reliable supply chain.

20. In the two (2) months prior to iDistribute commencing ordering from Ibesttouch, iDistribute has sales of approximately $600,000.00 per month.

21. As a result of Ibesttouch's delivery of defective products, from early 2017 through the present, iDistribute's revenue has decreased to approximately $250,000.00 per month.

## COUNT ONE
**(Breach of Contract)**

22. iDistribute incorporates by reference all the above allegations as if fully set forth herein.

23. There parties enter in valid contracts concerning the shipment of goods for the amount of approximately $1,277,894.19.

24. Ibesttouch delivered defective products and has failed to replace these product or credit iDistribute for the value of the defective products despite iDistribute's payment to Ibesttouch pursuant to their contracts.

25. Ibesttouch material breached these contracts by failing to deliver marketable products.

26. By virtue of Ibesttouch's conduct, iDistribute has been harmed and damaged in an amount to be determined at trial.

## COUNT TWO
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

27. iDistribute incorporates by reference all the above allegations as if fully set forth herein.

28. It is implied in every contract that the parties to a contract will deal with each other honestly, fairly, and in good faith, so as to not destroy the right of the other party to receive the benefits of the contract and to reinforce the express covenants or promises of the contract. Good faith means honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade.

29. By entering into the contracts with iDistribute, Ibesttouch is subject to the implied covenant of good faith and fair dealing. Thus, in carrying out its obligations under the contract with iDistribute, Ibesttouch must act in good faith and deal fairly with iDistribute.

30. Ibesttouch breached its obligations to iDistribute under the contracts by failing to deliver marketable products, failing to replace the defective products, and failing to credit iDistribute for the value of the defective products.

31. By virtue of Ibesttouch's conduct, iDistribute has been harmed and damaged in an amount to be determined at trial

## COUNT THREE
### (Breach of Express Warranty)

32. iDistribute incorporates by reference all the above allegations as if fully set forth herein.

33. Ibesttouch expressly provided a lifetime warranty on all products delivered.

34. Ibesttouch breached its express warranty by selling and delivering defective products and failing to provide iDistribute with credit or replacement products.

35. iDistribute has been injured as a direct and proximate result of Ibesttouch's breach and deserve to be compensated for the damages it suffered.

## COUNT FOUR
### (Breach of Implied Warranty of Merchantability, N.J.S.A. 12A:2-212)

36. iDistribute incorporates by reference all the above allegations as if fully set forth herein.

37. Under New Jersey law, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." N.J. Rev. Stat. § 12A:2-314. To be merchantable, a good must be "fit for the ordinary purposes for which such goods are used." *Id*.

38. iDistribute relied on Ibesttouch's knowledge, judgment, and experience in the sale, manufacturing, and marketing of mobile device parts and accessories when it elected to purchase the products.

39. Ibesttouch knew that iDistribute relied on its knowledge, judgment, and experience in the sale, manufacture, and marketing of the products.

40. Ibesttouch's products were not fit for the ordinary purposes for which they were purchased and used because the products are defective and do not perform as necessary and expected.

41. Accordingly, Ibesttouch is in breach of the implied warranty.

42. Thus, iDistribute seeks to recover damages between the actual value of the

defective products and the products as they would have been if they were fit for their ordinary purpose, in an exact amount to be determined at trial, and all other damages and remedies, including consequential and incidental damages, as permitted by New Jersey law, including N.J.S.A. 12A:2-701-25.

## COUNT FIVE
### (Tortious Interference with Prospective Economic Advantage)

43. iDistribute incorporates by reference all the above allegations as if fully set forth herein.

44. iDistribute has a reasonable expectation of advantage from a prospective contractual or economic relationship.

45. Ibesttouch interfered with this advantage intentionally and without justification or excuse.

46. Ibesttouch's interference caused the loss of the expected advantage.

47. By virtue of Ibesttouch's conduct, iDistribute has been harmed and damaged in an amount to be determined at trial.

## COUNT SIX
### (Tortious Interference with Contract)

48. iDistribute incorporates by reference all the above allegations as if fully set forth herein.

49. iDistribute had contractual relationships with customers, vendors and suppliers.

50. Ibesttouch interfered with those contractual relationships intentionally and without justification or excuse.

51. By virtue of Ibesttouch's conduct, iDistribute has been harmed and damaged in an amount to be determined at trial.

## COUNT SEVEN
### (Negligent Interference with Prospective Advantage)

52. iDistribute incorporates by reference all the above allegations as if fully set forth herein.

53. Ibesttouch owed a duty of care to iDistribute to take reasonable measures to avoid the risk of causing economic damages.

54. Ibesttouch breached this duty by engaging in the conduct set forth above.

55. By virtue of Ibesttouch's conduct, iDistribute has been harmed and damaged in an amount to be determined at trial.

## COUNT EIGHT
### (Unjust Enrichment)

56. iDistribute incorporates by reference all the above allegations as if fully set forth herein.

57. Ibesttouch has received a benefit by accepting payment for the defective products. Ibesttouch's retention of the payment without replacing or crediting iDistribute with the value of the defective products would be unjust to iDistribute.

58. iDistribute expected receipt of marketable products from Ibesttouch at the time iDistribute paid Ibesttouch.

59. However, Ibesttouch has refused to deliver marketable products to iDistribute or credit iDistribute for the value of the defective products.

60. By virtue of Ibesttouch's conduct, iDistribute has been harmed and damaged in an amount to be determined at trial.

## COUNT NINE
### (Fraud)

61. iDistribute incorporates by reference all the above allegations as if fully set forth herein.

62. Ibesttouch intentionally and knowingly misrepresented to iDistribute that Ibesttouch's "defective rate is lower than 1%. And we provide lifetime warranty before installation.  We have hk warehouse for the returned products."

63. The misrepresentations made by Ibesttouch were false.  At the time they were made, Ibesttouch knew they were false.

64. Ibesttouch made the above misrepresentations with the knowledge and intent that iDistribute would rely on the misrepresentations to make purchases from Ibesttouch.

65. iDistibute were ignorant of the falsity of Ibesttouch's misrepresentations and believed them to be true.

66. iDsitrubute reasonably relied upon Ibesttouch's misrepresentation and were induced to purchase products from Ibesttouch.

67. By virtue of Ibesttouch's conduct, iDistribute has been harmed and damaged in an amount to be determined at trial.

**WHEREFORE**, iDistribute demands (i) an Order and Judgment granting the relief sought in the Counterclaims Complaint asserted herein, (ii) that iDistribute be awarded its reasonable costs, fees and disbursements to the extent available by law, and (iii) such other and further relief as this Court deems fair and equitable.

Dated:  Woodland Park, New Jersey           ANSELL GRIMM & AARON, P.C.
       October 2, 2017

By:  _____
     Joshua S. Bauchner, Esq.

365 Rifle Camp Road
Woodland Park, New Jersey 07424
(973) 247-9000
(973) 247-9199 facsimile
jb@ansellgrimm.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*

## JURY DEMAND

Defendant/Counterclaim Plaintiff requests a trial by jury of all issues in this case.

Dated: Woodland Park, New Jersey    ANSELL GRIMM & AARON, P.C.
       October 2, 2017

By: _____
Joshua S. Bauchner, Esq.
365 Rifle Camp Road
Woodland Park, New Jersey 07424
(973) 247-9000
(973) 247-9199 facsimile
jb@ansellgrimm.com

*Attorneys for Defendants/
Counterclaim Plaintiffs*